IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID ANDREW BIRDWELL | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv399 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff David Andrew Birdwell, previously an inmate erroneously confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit. The case was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on August 21, 2007. On December 11, 2007, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985), to consider the Plaintiff's claims. In 1985, the Plaintiff pled guilty to federal bank robbery charges. In 1986, he was convicted in Smith County of aggravated kidnapping and aggravated bank robbery. All three convictions stem from an armed bank robbery in Smith County on June 25, 1985. The federal plea agreement incorporated an offer from Defendant Jack Skeen, the District Attorney of Smith County, for a state twenty year sentence for aggravated kidnapping. On June 3, 1991, Judge William Wayne Justice granted federal habeas relief with respect to the Smith County convictions. *Birdwell v. Skeen*, 765 F.Supp. 1270 (E.D. Tex. 1991), *aff'd*, 983 F.2d 1332 (5th Cir. 1993). Smith County did not take any additional steps to pursue the charges. Relief was

1

likewise granted on the federal conviction due to the breakdown of the plea agreement. The Plaintiff subsequently entered into a new plea agreement where he was sentenced to time served for bank robbery in *United States v. Birdwell*, Case No. 6:94cv29. The judgment was signed on August 12, 1994, and the Plaintiff was released.

On April 30, 2007, the Plaintiff was stopped on a minor traffic offense in Arapahoe County, Colorado. He was arrested due to a warrant issued by Defendant Seigman for escape regarding the Smith County convictions. The Plaintiff and his sister talked to officials in Arapahoe County, Smith County and TDCJ in an effort to resolve the matter. Nonetheless, he was kept in custody in Arapahoe County until he was extradited back to Texas. He arrived at the Texas prison system on July 12, 2007. He had a hearing before the Board of Pardons and Paroles on July 25, 2007. Parole officials determined that his Smith County convictions had been overturned, and he was released on July 27, 2007. His sentence was designated as discharged.

The Plaintiff noted that he owned a successful business in Colorado at the time of his arrest. He lost his business, home, vehicles and personal property while confined. He has experienced hardships due to the designation of discharged despite the fact that he never discharged a state sentence. The Plaintiff acknowledged that he has no evidence that Defendant Jack Skeen had any knowledge about his problems with being incarcerated in 2007. He testified that he wrote to Jack Skeen, but he has no idea whether Jack Skeen received the letter. He likewise testified that he does not know whether Defendant Seigman or Defendant Livingston had any personal knowledge of any of these events. He complained that he was unnecessarily kept in custody until July, 2007.

Defendant William Seigman, Section Director for the Warrants Division of TDCJ-Parole Division, also provided testimony. He noted that he does not work for the Texas Board of Pardons

and Paroles. He oversees warrants involving inmates with Texas sentences serving time elsewhere, such as in the federal prison system. The information used by the Warrants Division comes from the Classification and Records Department of the prison system. The Classification and Records Department receives copies of sentences from counties. Copies of the Plaintiff's 1986 Smith County convictions were received by the Texas prison system and processed. The last entry made in the records about the Plaintiff concerned his convictions being affirmed by the state appellate court. There was nothing in the records about federal habeas corpus relief.

In 2006, a list was generated with the Plaintiff's name on it showing that he was eligible for parole. The records submitted during the hearing revealed that Smith County officials were notified that the Plaintiff was being considered for parole. On February 21, 2006, current District Attorney D. Matt Bingham submitted a letter strongly protesting the Plaintiff's release on parole. On July 7, 2006, Kristie Gardner of the Parole Division issued an email noting that the Plaintiff was released by federal officials on August 15, 1994, with the notation that an erroneous release warrant should be issued. The arrest warrant was issued on July 25, 2006. The Plaintiff was arrested pursuant to the warrant.

Defendant Seigman testified that Genevieve Shockley of the Parole Commission determined that the Plaintiff had been erroneously released by federal officials. Her decision was based on the commitment information provided by Classification and Records. She had no information about federal habeas relief being granted by Judge Justice. Seigman expressed the opinion that the Classification and Records Department should have been told by county officials that the convictions had been overturned. He does not know of anyone who had knowledge about the reversal.

Discussion and Analysis

The Plaintiff did not identify a theory of recovery in his complaint. Instead, he alleged that the Defendants knew or should have known by reasonable diligence that he did not have a sentence. During the hearing, he agreed that his lawsuit would best be described as a false imprisonment claim.

In analyzing the Plaintiff's claim, the Court initially notes that federal courts are courts with limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to federal violations. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). *See also Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). In this Circuit, before a plaintiff may maintain a civil rights lawsuit, he must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981).

In *Baker v. McCollan*, *supra*, the Supreme Court held that a person arrested and detained on charges of which he was innocent might have a state tort claim of false imprisonment, but he had no constitutional claim as long as the arrest was pursuant to a warrant valid under the Fourth Amendment and the detention comported with due process. 443 U.S. at 144-45. *See also Lewis v. Woods*, 848 F.2d at 651. The Court explained that the "Constitution does not guarantee that only the guilty be arrested. If it did, §1983 would provide a cause of action for every defendant acquitted- indeed, for every suspect released. . . . It protects only against deprivations of liberty accomplished 'without due process of law.'" *Id.* at 145. "[F]alse imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." *Id.* at 146.

In the present case, the Plaintiff was arrested on a warrant that was issued based on probable cause in light of information made available to Warrants Division. The Plaintiff does not have a cause of action because the information known to the Warrants Division ultimately proved to be incorrect. The Plaintiff was accorded due process and released. There was no violation of his due process rights.

Even if the facts as alleged were sufficient to state a cause of action under the Fourteenth Amendment, the Plaintiff still would not have a basis for a false imprisonment claim since the facts as alleged and developed only support a claim of negligence. The Fifth Circuit has required proof that the official's actions went beyond mere negligence in order to state a claim. *Sanchez v. Swyden*, 139 F.3d 464, 469 (5th Cir. 1998), *cert. denied*, 525 U.S. 872 (1998) (citations omitted). There is no doubt that there was a breakdown in the system somewhere. Smith County officials and the Texas prison system should have been informed that the Plaintiff was granted federal habeas corpus relief. Nonetheless, that information never reached the Classification and Records Department and the Warrants Division. The information before the Court at best supports a claim of negligence, as opposed to intentional misconduct.

The Court is aware of only one other possible basis for relief. The Fifth Circuit was concerned with a situation where an inmate was confined three and one-half weeks too long in *Martin v. Dallas County, Texas*, 822 F.2d 553, 555 (5th Cir. 1987). The Fifth Circuit initially discussed limitations on federal lawsuits based on the Supreme Court's decisions in *Parratt v. Taylor*, 451 U.S. 527 (1981) and *Hudson v. Palmer*, 468 U.S. 517 (1984). The *Parratt/Hudson* doctrine stands for the proposition that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless

5

the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy. The Fifth Circuit held that "Texas law afforded Martin remedies against his illegal detention both while it was underway and for post-deprivation compensatory relief." *Id.* at 555. The Fifth Circuit thus held that an inmate may not bring a claim based on a denial of procedural due process nor a claim that the extended incarceration was the product of negligence, as opposed to intentional conduct. *Id.* The Fifth Circuit left open the possibility of a constitutional claim based on substantive due process. *Id.* The Fifth Circuit thus reversed the decision granting Dallas County's motion for summary judgment for further consideration of the substantive due process claim. *Id.* at 556. In *Rodriguez v. Jones*, 51 F.3d 1041, 1995 WL 152729 (5th Cir. March 20, 1995) (unpublished), the Fifth Circuit followed *Martin* and held that a plaintiff had a constitutional basis for a lawsuit based on substantive due process if the defendants intentionally kept him in custody too long. In light of *Martin v. Dallas County, Texas*, the Plaintiff could have a basis for a potentially meritorious federal civil rights lawsuit if he was intentionally confined, as opposed to negligently confined. Once again, however, the facts as alleged and developed show nothing more than negligence.

In conclusion, the facts as alleged and developed fail to state a claim upon which federal relief may be granted and are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). The Plaintiff may, nonetheless, pursue any state claims he may have in state court.

Finally, the Plaintiff sued an unidentified contractor who transported him from Colorado to Houston. The applicable venue statute is U.S.C. § 1391(b), which reads as follows:

> A civil action wherein diversity is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial portion of the events or omissions giving rise to the claim occurred, or a substantial portion of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district wherein the action may otherwise be brought.

The facts as presented by the Plaintiff show that he may have a basis for a claim against the unidentified contractor in the federal courts in Colorado or Houston, but he has not shown a basis for a lawsuit in the Tyler Division of the Eastern District of Texas. Thus the claims against the unidentified contractor should be dismissed without prejudice. It is accordingly

**ORDERED** that the Plaintiff's claims against the unidentified contractor who transported him from Colorado to Houston are **DISMISSED** without prejudice. It is further

**ORDERED** that the Plaintiff's federal claims against the remaining Defendants are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). The Plaintiff is free to raise any state claims he may have against the Defendants in state court. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **December, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE